IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| JENNIFER A. KUEHNER, | : | BANKRUPTCY NO.: 5-11-bk-02481-JJT |
| DEBTOR | : | |
| WILLIAM G. SCHWAB, Trustee for the Estate of Jennifer A. Kuehner, | : | {**Nature of Proceeding**: Plaintiff's Motion for Judgment on the Pleadings Pursuant to F.R.B.P. 7012(b)(Doc. #9)} |
| PLAINTIFF | : | |
| vs. | : | |
| JAMES T. HUBER and JOHN J. WALDRON, t/a HUBER AND WALDRON, | : | |
| DEFENDANTS | : | **ADVERSARY NO.: 5-11-ap-00325-JJT** |

# OPINION[1]

Following Defendants' Answer, the Plaintiff, William G. Schwab, Trustee for the Estate of Jennifer A. Kuehner, (hereinafter "Plaintiff"), filed a Motion for Judgment on the Pleadings. For the reasons provided herein, the Court will deny the Plaintiff's Motion.

The Plaintiff brings this one count Complaint making allegations of a fraudulent transfer pursuant to 11 U.S.C. § 544(b)(1). Plaintiff directs our attention to Pennsylvania Statute 12 Pa.C.S. §§ 5101, et seq., also known as the Pennsylvania Uniform Fraudulent Transfer Act ("PUFTA"). Most of allegations of the Complaint were answered by the Defendants indicating they were unable to determine the truth of the averments after reasonable investigation and, therefore, were denied. Several of the allegations were responded to by Defendants indicating

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

that the averments were a conclusion of law to which no answer was required.

The Plaintiff asserts that the general denials of the allegations and "equivocal admissions" were not efficiently pled under Federal Rule of Bankruptcy Procedure 7008, and therefore, the allegations of the Complaint should be deemed admitted. For purposes of the underlying Motion for Judgment on the Pleadings only, the Court finds that the responses by the Defendants to the several allegations of the Complaint meet the requirements of the general rules of pleading as set forth in Federal Rule of Bankruptcy Procedures 7008. The Court notes, however, that any defense and presentation of evidence by the Defendants at the time of a potential trial on this adversary will be done within the parameters of the answers to the averments given by the Defendants.

Before proceeding to trial, the Court is compelled to address two additional points raised by the parties to this adversary. The first is raised by the Plaintiff in paragraph 20 of the Motion for Judgment on the Pleadings which reads that "[o]nce the Trustee, as the party alleging the transfer was fraudulent, meets the burden of proving inadequacy of consideration, the burden of defense of the Debtor's solvency passes to the party seeking to uphold the transfer." Plaintiff cites *Farmers Trust Co. v. Bevis*, 200 A. 54, 55 (Pa. 1938). What is missing from this equation is that, at the time of the transfer, the grantor, in this case the Debtor, must be in debt at the time of a challenged transfer. See 12 Pa.C.S. § 5104 and *In re Blatstein*, 192 F.3d 88 (3rd Cir. 1999). The pleadings fall far short of conveying the financial status of the Debtor at the time of the alleged transfer subject to the adversary.

The next item the Court wishes to address is the Defendants' affirmative defense that the statute of limitations had run prior to the filing of this adversary. The Defendants' position may

be sustainable if looking solely at PUFTA. See 12 Pa.C.S. § 5109. Here, the Trustee seeks to use powers granted to him under 11 U.S.C. § 544, to have an alleged transfer avoided as a fraudulent transfer under the provisions of PUFTA. 11 U.S.C. § 546 provides the applicable time parameters in which an action under § 544 can be commenced. On the date of the filing of the underlying bankruptcy case, the state law on limitations period referenced above governing the fraudulent transfer action had not expired. Under the provisions of 11 U.S.C. § 546(a), the underlying adversary action was commenced timely by the Trustee. 5 Collier on Bankruptcy ¶ 546.02[1][b] at 546-10 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.)

Finally, the Plaintiff asserted that the adversary action constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (H), and (O). Defendants responded to the jurisdictional allegation answering that "[t]his paragraph contains conclusions of law to which no answer is required." The Court will accept that response as a general denial the Court has jurisdiction. The Court notes that it has at least related, non-core jurisdiction of this adversary proceeding.

My Order will follow.

By the Court,

Date: December 28, 2011

John J. Thomas, Bankruptcy Judge
(CMS)